PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD MARTIN,                          )
                                         )      CASE NO.  1:09CV0378
            Petitioner,                  )
                                         )
      v.                                 )      JUDGE BENITA Y. PEARSON
                                         )
RICHARD HALL, Warden,                    )      **MEMORANDUM OF OPINION**
                                         )      **AND ORDER**
            Respondent.                  )      [Resolving ECF No. 12]


      *Pro se* Petitioner Richard Martin filed a Petition for a Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254 (ECF No. 1), alleging ten (10) grounds for relief which challenge the

constitutional sufficiency of his conviction and sentence.  Petitioner also requests an evidentiary

hearing and appointment of counsel.

      The case was referred to Magistrate Judge William H. Baughman, Jr. for a Report and

Recommendation.  The Magistrate Judge subsequently issued a Report & Recommendation

(ECF No. 9).  In his Report, the Magistrate Judge recommends that the Court dismiss in part and

deny in part the petition without further proceedings.  Petitioner filed Objections to the

Magistrate Judge's Report (ECF No. 12).  This Court, after reviewing the objections, hereby

adopts the Report and dismisses in part and denies in part the petition.

## I.  Facts

      In April 2006, Petitioner was indicted on two counts of possession of marijuana (Counts

One and Four), two counts of trafficking in marijuana (Counts Two and Five), and one count of

(1:09CV0378)

possession of criminal tools (Count Six).[1]  Each of the drug possession and trafficking counts

were accompanied by a firearm specification.  Prior to trial, Petitioner moved to suppress all

evidence obtained in the police search of the premises where the narcotics were found and

Petitioner was arrested.  An evidentiary hearing was conducted on the suppression issues and the

State trial court denied the motion.  A jury trial commenced on September 7, 2006.  Following

the close of the State's evidence, the trial court granted Petitioner's motion for acquittal under

Ohio Criminal Procedure Rule 29 as to the firearm specifications connected to Counts One and

Two.  The jury returned findings of guilt as to Counts One, Two, Four, Five, and Six, but found

Petitioner not guilty as to the remaining firearm specifications.  On October 18, 2006, Petitioner

was sentenced to concurrent sentences of: (1) five years in prison for Counts One and Two (the

drug possession and trafficking offenses involving marijuana in an amount equal to or exceeding

5,000 grams but less than 20,000 grams); (2) eight years for Counts Four and Five (the drug

possession and trafficking offenses involving 20,000 grams or more of marijuana); and (3) one

year for Count Six (possession of criminal tools).  Petitioner appealed his conviction and

sentence in state court, raising numerous issues.  All of Petitioner's appeals at the state level have

been exhausted.

    On February 18, 2009, Petitioner filed the instant petition for a writ of habeas corpus.

## II.  Standard of Review for a Magistrate Judge's Report and Recommendation

---

    [1]  Count Three did not apply to Petitioner.  Petitioner was indicted with
co-defendants Dexter Jordan and Tajmahal Frazer.  Count Three, having a weapon while
under disability in violation of Ohio Rev. Code § 2923.13, only applied to co-defendant
Tajmahal Frazer.  *See* Indictment (ECF No. 5-1 at 4-5).

2

(1:09CV0378)

Where objections have been made to the Magistrate Judge's Report and

Recommendation, the District Court standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).

A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has
> been properly objected to.  The district judge may accept, reject, or modify the
> recommended disposition; receive further evidence; or return the matter to the
> magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate

Judge's Report to which Petitioner has properly objected.

### III.  Law & Analysis

#### A.  Objection 1

Petitioner objects to the Magistrate Judge's reference to the fact stated in the decision of

the Ohio Court of Appeals that he "was wearing latex gloves" when he was arrested.[2]  *See State

v. Martin*, No. 89030, 2007 WL 3376886, at *2 (Ohio App. Nov. 15, 2007).  The Ohio Court of

Appeals also referenced the latex gloves when considering Petitioner's claim of denial of due

process caused by the loss or destruction of the latex gloves.  *See Martin*, 2007 WL 3376886, at

*8.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "requires

heightened respect for [S]tate court factual and legal determinations."  *Herbert v. Billy*, 160 F.3d

---

[2]  In his seventh ground for relief, Petitioner alleged a violation of due process
when the latex gloves he was allegedly wearing when arrested were lost or destroyed by
the State.

(1:09CV0378)

1131, 1134 (6th Cir. 1998).  Accordingly, a  federal court must apply the presumption of

correctness to State court findings of fact for habeas corpus purposes unless convincing evidence

is offered to rebut this presumption.  See *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998),

*cert. denied*, 527 U.S. 1040 (1999).  The Court concludes that Petitioner has failed to rebut the

presumption of correctness of the State appellate court's findings of fact by producing "clear and

convincing" evidence of their incorrectness, as required by 28 U.S.C. § 2254(e)(1).

Moreover, contrary to Petitioner's first objection, the Magistrate Judge sufficiently dealt

with the assertions put forth by Petitioner in the Traverse regarding the denial of due process

resulting from the latex gloves that were not preserved as evidence by the State.

In the record before the Court, Petitioner has failed to show that the State Court's

adjudication of this matter resulted in a decision that was contrary to, or involved an

unreasonable application of established Federal law, 28 U.S.C. § 2254(d)(1), so as to permit this

Court to grant his application with respect to the claims alleged in his seventh ground for relief or

the latex gloves, in general.  Petitioner's first objection is overruled.

**B.  Objection 2**

Next, Petitioner objects to the recommendation of the Magistrate Judge that Petitioner's

requests for appointment of counsel and an evidentiary hearing be denied.  The Court agrees with

the Magistrate Judge that the record in the case at bar does not indicate that the appointment of

counsel or an evidentiary hearing are necessary.  An evidentiary hearing, which 28 U.S.C. §

2254(e)(2) provides for, is not warranted when it would be futile or when, as here, the existing

4

(1:09CV0378)

record is complete and no fact that could be developed would result in the granting of the writ.

*McAdoo v. Elo*, 365 F.3d 487, 500 (6th Cir.2004)).

Furthermore, the determination to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. 18 U.S.C. § 3006A(a)(2)(B); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel in a habeas proceeding has been found to be mandatory only if the court determines that an evidentiary hearing is necessary. Rule 8(c), Rules Governing § 2254 Cases. Where no evidentiary hearing is required, as in the instant case, the court will often consider (1) the factual complexity of the case, (2) legal complexity of the case, and (3) petitioner's ability to investigate and present her claims, along with any other relevant factors. *Gammalo v. Eberlin*, No. 1:05CV617, 2006 WL 1805898, at *2 (N.D. Ohio June 29, 2006) (Boyko, J.) (citing *Hoggard v. Purkett*, 29 F.3d 469 (8th Cir. 1994). The record fails to reflect that the interests of justice or due process require the appointment of counsel in this case. To the contrary, the record reflects that Petitioner has effectively argued his position. Petitioner's second objection is overruled.

## C. **Objection 3**

Third, Petitioner objects to the recommendation of the Magistrate Judge that the Court dismiss the four search warrant claims (Grounds One through Four) as barred from review by this Court under *Stone v. Powell*, 428 U.S. 465, 494 (1976) (holding that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an

(1:09CV0378)

unconstitutional search or seizure was introduced at his trial"). Ohio Criminal Procedure Rule

12(C)(3) provides for pretrial motions to suppress evidence because it was illegally obtained.

Ohio Criminal Procedure Rule 12(F) provides in pertinent part "[w]here factual issues are

involved in determining a motion, the court shall state its essential findings on the record."

Petitioner argues that the State trial court violated his due process rights by denying the

motion to suppress all evidence obtained in the police search of the Gardenview Drive home

because it failed to issue any findings of fact.  The Court agrees with the Magistrate Judge's

determination that Ground Two, plus three of the purported violations of State law arising in

connection with the motion to suppress (Grounds One, Three, and Four), be resolved under

*Stone*–which prohibits Fourth Amendment claims in section 2254 actions if the State

proceedings provided a full and fair opportunity for petitioner to litigate those claims--because

those alleged errors occurred as part of the State court's adjudication of the Fourth Amendment

claims.  *See* ECF No. 9 at 24-25.  Petitioner received, at his suppression hearing and on the

appeal therefrom, all the process he was due from the State of Ohio under *Stone*, thus precluding

this Court from proceeding to consider the merits of Grounds One through Four.   Petitioner's

third objection is overruled.

**D.  <u>Objection 4</u>**

The Sixth Circuit Court of Appeals utilizes a two-step analysis to determine whether a

defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in State

court:  "First, the court must determine whether the [S]tate procedural mechanism, in the

abstract, presents the opportunity to raise a [F]ourth [A]mendment claim.  Second, the court must

6

(1:09CV0378)

determine whether presentation of the claim was in fact frustrated because of that mechanism."

*Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (internal quotations omitted).

Petitioner argues that in the context of Ohio Criminal Procedure Rule 12(F) "where the state

court refused to abide by its procedure, the mechanism supposedly in place has been frustrated to

a point where the procedure is rendered meaningless which rises to a denial of due process and

cannot survive constitutional muster." ECF No. 12 at 9. This objection lacks merit. Pursuant to

Ohio law, Petitioner filed a pretrial motion to suppress and appealed the denial of the motion.

Because the State of Ohio provided a full and fair opportunity for Petitioner to litigate his Fourth

Amendment claim, the Court concludes that claim is not cognizable on federal habeas review.

*Harding v. Russell*, 156 Fed.Appx. 740, 745 (6th Cir. 2005). Petitioner's fourth objection is

overruled.

**E. Objection 5**

> Fifth, Petitioner
>
> objects to the Magistrate [Judge]'s inference that [Petitioner] argues that Stone v.
> Powell is no longer good law. Id. 428 U.S. 465 (1976); ECF #9, p. 25 n.91.
> [Petitioner] argues that Stone, must be revisited, and possibly expanded where
> state courts purposely misapply Supreme Court precedent to Fourth Amendment
> claims in affording a defendant a "kangaroo court suppression hearing" knowing
> that its adjudication will not be subject to federal scrutiny because of Stone.

ECF No. 12 at 10. Petitioner cannot obtain habeas relief on Grounds One through Four because

he was given a full and fair opportunity to litigate his Fourth Amendment claim in State court.

*See Stone*, 428 U.S. at 494-95. The Ohio Rules of Criminal Procedure and Appellate Procedure

provide defendants with an adequate procedural mechanism to assert a Fourth Amendment claim.

*Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). Furthermore, Petitioner took advantage of

(1:09CV0378)

these procedural opportunities by filing a pretrial motion to suppress evidence (ECF No. 5-1 at 7-14), which was denied after a full hearing (ECF No. 5-1 at 31).  Petitioner appealed his conviction and the trial court's denial of his motion to suppress; and the Ohio appellate court found that the trial court correctly denied the motion to suppress.  *State v. Martin*, No. 89030, 2007 WL 3376886, at *5 (Ohio App. Nov. 15, 2007).  Petitioner's fifth objection is overruled.

## F.  Objection 6

Next, Petitioner objects to the recommendation of the Magistrate Judge that Grounds Six, Eight, and Ten are procedurally defaulted or waived.  The Magistrate Judge correctly notes that Petitioner "did not respond in his traverse to the State's arguments of procedural default as to any of these claims, offering neither a cause and prejudice analysis as to any claim nor an assertion of actual innocence."  ECF No. 9 at 32.[3]

### 1.  Ground Six

In Ground Six, Petitioner asserts that it was a denial of due process that only a fraction of all the marijuana seized was randomly tested.  At trial, however, Petitioner stipulated to the drug testing results.  *See Martin*, 2007 WL 3376886, at *7 ("the reports detailing the lab results of the Bureau of Criminal Investigation's ("BCI") testing of the drugs were entered into evidence by stipulation and without objection").  The Magistrate Judge recommends that Ground Six be dismissed as procedurally defaulted.  ECF No. 9 at 33.  The Court finds that the Magistrate Judge's analysis is correct and therefore adopts the recommendation.

---

[3] 28 U.S.C. § 2248 states that, if not traversed by Petitioner, "[t]he allegations of a return to the writ of habeas corpus . . . shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

(1:09CV0378)

### 2. Ground Eight

Ground Eight is a claim arguing that it was a *Blakely*[4] violation for the trial court to

sentence Petitioner on the basis of facts not found by the jury or admitted to by Petitioner.  The

Court adopts the recommendation of the Magistrate Judge that Ground Eight also be dismissed as

procedurally defaulted.  ECF No. 9 at 34.  Petitioner failed to raise any objection to his sentence

at the time the sentence was pronounced and offers no excuse for such a default.

### 3. Ground Ten

In Ground Ten, Petitioner asserts that he was denied due process when the trial court

denied his oral motion for severance made as the trial was about to begin and he was tried

together with a co-defendant.  The Magistrate Judge recommends that Ground Ten be dismissed

as procedurally defaulted.  ECF No. 9 at 35.  Petitioner did not observe Ohio's rule as to

objections to joinder at trial, and the Ohio appeals court, therefore, properly found this claim to

have been waived.  *See Martin*, 2007 WL 3376886, at *9.  The Court finds that the Magistrate

Judge's analysis is correct and therefore adopts the recommendation.  *See Boyd v.Money,*

*No.3:04CV7721, 2006 WL 1644534, at *7-8 (N.D. Ohio June 13, 2006)* (Wells, J.) (finding that

in Ohio the failure to timely object to joinder qualifies as a procedural default on the basis of

Ohio's long-standing contemporaneous objection rule).

Petitioner's sixth objection is overruled.

---

4 *Blakely v. Washington*, 542 U.S. 296 (2004).

9

(1:09CV0378)

**G.** *Objection 7*

The fifth ground for relief raised in the Petition for a Writ of Habeas Corpus (ECF No. 1)

is:

> [D]ue process requires, in a criminal proceeding [at its most primary and fundamental] concept, that as a crime does not make its doer guilty, a person charge with crime must be said to have participated in and been a party to such criminal acts or omissions. see: Berger v. United States, 295 U.S. 78, 88 (1935); and, Carter v. Rafferty, __ U.S. __ (citation omitted).

ECF No. 1-2 at 19.[5]

In his seventh objection, Petitioner argues that in determining that there was sufficient

evidence to convict him, the Magistrate Judge improperly applied the standard announced in

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) ("[T]he critical inquiry on review of the

sufficiency of the evidence to support a criminal conviction . . . is whether, after viewing the

evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt.") (emphasis in original).  This

argument is without merit.  The Magistrate Judge correctly recommends that Ground Five be

denied on the merits as the State court decision in this regard was neither an unreasonable

application of, nor contrary to, clearly established federal law.  ECF No. 9 at 23; 40.  Therefore,

Petitioner's seventh objection is overruled.

---

[5] Petitioner did not offer any new arguments as to this claim in his traverse.  *See* ECF No. 9 at 36.

(1:09CV0378)

## IV. Conclusion

Petitioner's requests for appointment of counsel and an evidentiary hearing are denied because the claims require no further factual development.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


 February 23, 2012                                    /s/ Benita Y. Pearson
Date                                                 Benita Y. Pearson
                                                     United States District Judge

11